## PALMER v. PALMER.

January 25, 1840.

*Motion for new trial.*

A. obtained a judgment against B., in the Superior Court of Cincinnati, Ohio, on the 7th of January, 1839. A. brought an action of debt against B. on that judgment, in this court, on the 7th of March, 1839, declared, and defendant pleaded *nul tiel record*, payment, and set-off. On the trial, the defendant offered in evidence a certified copy of the record of the same Ohio court, of proceedings on its equity side, between the same parties, in which, on the 11th of February, 1839, on a bill filed by B., an injunction was granted against A., restraining him from further proceeding on the said judgment, which injunction was to take effect on B.'s entering and perfecting security, &c., which B. did not do until the 18th of March, 1839, which was *after* the institution of *this* suit: *Held*,

1. That under the pleadings the defendant could not give in evidence the

[Palmer v. Palmer.]

copy of the record of the proceedings in equity of the Ohio court allowing the injunction—they should have been specially pleaded.

2. That if they had been pleaded, the decree of the Ohio court, allowing the injunction, and still subsisting, was a bar to plaintiff's action on the judgment, although defendant had not entered the security under the decree of the Ohio court at the time of the institution of this suit.

THIS action was brought by William Palmer, for the use of William Thompson and William W. Pinneo, trading as Thompson & Pinneo, against Thomas Palmer, to March term, 1839, No. 334.

The writ issued on the 7th day of March, 1839.

The *narr.* was in debt on a judgment obtained between the same parties in the state of Ohio. The pleas were *nul tiel record*, payment, and set-off.

On the trial, plaintiff to support his case, gave in evidence a certified copy of a record of the Superior Court of Cincinnati, (same plaintiff *v.* same defendant,) brought to the January term, 1839, of said court, and in which judgment was entered on the 7th January, 1839, in favour of plaintiffs, for $1098 32, with costs of suit.

The plaintiff here closed his case.

The defendant gave in evidence a certified copy of the petition of Thomas Palmer, praying an injunction, and making William Palmer, Carpenter B. Palmer and George W. Platt, Nathan C. Platt and David Platt, and Thompson and Pinneo defendants; which petition was presented to the January term, 1839, of the said Superior Court of Cincinnati, and also the record of the proceedings of the court thereupon, viz. " that an injunction be allowed on Thomas Palmer's giving bond in the sum of $1850, with security," and on the 18th of March, said Thomas Palmer " perfected the bond on injunction so as above required."

The exemplification of the record of the proceedings in equity, given in evidence on the trial, (under objections from the plaintiff,) by the defendant was as follows, viz.

" *To the Superior Court of Cincinnati, sitting as a Court of Chancery.*

" Your orator, Thomas Palmer, states to the court: that at the October term, 1838, of this court, George W. Platt, Nathan C. Platt, and David Platt, (whom he makes defendants to this bill,) recovered a judgment at law against Carpenter B. Palmer and

[Palmer v. Palmer.]

William Palmer, for eight hundred and ninety-seven dollars and fifty-six cents damages, besides costs, in an action of *assumpsit* on a promissory note, made by the said Carpenter and William, as partners, by the name of C. B. Palmer & Co., and which note was given for a partnership debt. Your orator further states, that on the 15th day of October, 1838, the said George W. Platt, Nathan C. Platt, and David Platt, assigned and transferred said judgment to him for a valuable consideration paid, by an instrument in writing, a copy of which he annexes, as a part of this bill, by virtue of which assignment your orator has become the proprietor of said judgment, and of the money due thereby.

" Your orator further alleges, that Storer and Fox, who made the assignment, as attorneys for the said George W., Nathan C. and David Platt, had authority from them to make the assignment, and that it should be assigned to your orator was agreed upon long before the date of the assignment, and the commencement of the suit against, as hereafter mentioned.

" Your orator further alleges, that at this present January term, 1839, of this court, the said William Palmer has recovered a judgment against your orator for one thousand and ninety-eight dollars and thirty-two cents, besides costs, exceeding in amount the judgment assigned to your orator, as aforesaid, by the sum of $187 31, for the use of William H. Thompson and William W. Pinneo, as it is said ; he further states, that he is willing to pay the difference between said judgment, and he accordingly on the 9th day of February, instant, offered to pay to the attorneys of the said William Palmer, $187 31, the difference, interest being calculated on each judgment from the time of rendition to the 9th of February, but they declined to set off one judgment against the other ; he also showed to them the assignment of the judgment—the said William Palmer was not in the city of Cincinnati, so that he could make the tender to him. He further states, that he has proposed to the said William Palmer to set-off one judgment against the other, and pay him the difference between them, and on the 9th day of February, 1839, he offered and tendered to the attorney of William Palmer the sum of $187 31, the difference between said judgment, and interest, but they refused. He further states, that the said William and Carpenter B. Palmer are not able to pay to him the judgment which has thus been assigned to him, nor have they property which can

[Palmer v. Palmer.]

be taken in execution to satisfy said judgment, and they are insolvent.

" Your orator further alleges, that in the month of September last, the said Carpenter B. Palmer and William Palmer, doing business by the name of C. B. Palmer & Co., dissolved their partnership, and published in the Cincinnati Daily Gazette, that the said William Palmer was to settle the partnership debts, of which the judgment thus assigned to your orator is one. Your orator prays process of subpœna against the said George W. Platt, Nathan C. Platt, and David Platt, and against the said Carpenter B. Palmer and William Palmer, and Thompson and Pinneo, and that they may, on their oaths, true and perfect answers make to all the allegations of this bill, and that the said William Palmer may be enjoined from collecting the judgment against your orator; and that upon a hearing, it may be decreed that the judgment thus assigned to him may be set off against the judgment of the said William Palmer, and that he may be perfectly enjoined from collecting the same on the difference being paid, and that he may have such other relief as may be adapted to the nature of his case. Your orator annexes a copy of the assignment.

THOMAS PALMER.

" Sworn and subscribed to before me, this 11th day of February, 1839.

JOHN A. WISEMAN,<br>*Justice of the Peace.*

" SUPERIOR COURT OF CINCINNATI.

| George W. Platt, Nathan C. Platt, and David Platt, v. Carpenter B. Palmer, William Palmer. | Judgment at October term, 1838, |  |
|---|---|---|
| | for - - - - | $897 56 |
| | Costs, - - - | 10 56 |
| | | $908 12 |

" We, the above plaintiffs, for a valuable consideration to us paid by Thomas Palmer, do hereby assign, transfer, and set over unto the said Thomas Palmer, the aforesaid judgment rendered in our favour for $897 56 damages, and $10 56 costs, against the above named defendants. The judgment was rendered on a note made by the defendants, as partners, by the

[Palmer v. Palmer.]

name of C. B. Palmer & Co. And we do further authorize the said Thomas Palmer to use our names to collect said judgment, in such way as he may deem proper, and when collected to appropriate it to his own use.

GEORGE W. PLATT,
NATHAN C. PLATT, and
DAVID PLATT, by
STORER & FOX, *Attorneys for Plaintiffs.*

15th October, 1838.

"At the term of January, 1839, of our Superior Court in Chancery sitting, the foregoing bill was read, and thereupon, to wit, on the 11th day of February, 1839, it was ordered by the court that an injunction be allowed, restraining William Palmer from collecting his judgment against Thomas Palmer, rendered at January term, 1839, for $1098 32, with the exception of $187 31, and the costs, with regard to which no injunction is allowed, on Thomas Palmer's giving bond in the sum of $1850, with security. Whereupon process of subpœna issued.

"And afterwards, to wit, on the 18th of March, 1839, the said Thomas Palmer perfected the bond on injunction, so as above required, in the sum of $1850, with Samuel B. Elliott and Joseph M. Huston security to the acceptance of the clerk as the law requires."

The exemplification was duly authenticated, with the certificate of the clerk of the court that the said matter in chancery was pending and undetermined.

The defendant here closed his case.

And at the suggestion of the court, it was agreed that a verdict should be taken for the plaintiff, with leave to move the court in bank upon the questions of law in this case to set aside the verdict. To which the parties by their counsel assented.

All the points of law which were raised in the case were reserved.

The defendant obtained a rule to show cause why a new trial should not be granted, and assigned the following reasons, viz.

"1st. Because the judge erred in admitting evidence of a copy of the record and proceedings in the Superior Court of Cincinnati, at January term, 1839, in the case of Thomas Palmer, complainant, *v.* William Palmer et al. defendants.

"2d. Because the judge erred in charging the jury, that from

32*

[Palmer v. Palmer.]

all the evidence in the cause their verdict should be for the plaintiff.

"3d. Because the verdict was contrary to the law and evidence."

*Holcomb*, for plaintiff.
*Tyson*, for defendant.

The points argued were, 1. Whether the proceedings in equity were a bar to plaintiff's recovery, he having brought suit in this court on the 7th March, 1839, and the security in the court of Ohio on the allowance of the injunction not having been perfected until the 18th March, 1839, all of which is sufficiently stated in the opinion of the court. 2. Whether the record of the injunction should have been received in evidence under the pleadings. The counsel cited 1 *Saund. Pl. and Ev.* 499; 1 *Ohio Statutes* 433; 5 *Ohio R.* 463; 1 *Eq. Ca. Ab.* 39; 1 *Vern.* 318; *Norris Peake's Ev.* 68; 6 *Mass.* 277; 8 *Mass.* 536; 12 *Mass.* 268; 11 *Mass.* 445; 3 *Paige* 417; *Ohio Rep. Condensed* 427; 3 *Hammond's Dig.* 449; *Smith's Ch. Pr.* 614; *Bridgman's Eq. Dig.* 321; 18 *Vez.* 522; *Eden on Inj.* 98.

PER CURIAM.—There are two questions presented for determination. The first relates generally to the right of the plaintiff to recover on the evidence which was received on the trial. The plaintiff has brought debt on a judgment obtained in a court of law of Ohio. But before he issued his writ, an injunction, on defendant's bill, filed, was obtained on the equity side of the Ohio court, according to the laws of that state, restraining the plaintiff from proceeding further on his judgment; the injunction, however, was to take effect after security perfected. This security was not given until after the suit on the judgment was instituted here, and this forms the main objection of the defendant on this point. The statute of Ohio on this subject provides that "no injunction shall be granted unless the court or a judge shall be satisfied of the plaintiff's equity either by affidavit, &c.; and where any injunction shall be granted, the clerk shall endorse on the subpœna that the effect thereof is to be suspended until the party obtaining the same shall give bond with sufficient security in the office of the clerk of the court in which the judgment to be

[Palmer v. Palmer.]

enjoined shall have been obtained," &c. (1 *Ohio Stat.* 433.) By the Constitution of the United States, "full faith and credit" is to be given to the "judicial proceedings of every other state." (*Art. IV.*) We are bound, therefore, to respect the order of the Ohio court allowing the injunction, which is to be held as *res judicata* between the parties, suspending to all intents and purposes the absolute effect of the judgment. It is no answer to this that the security had not been entered before the commencement of this suit. It is for the plaintiff to apply to the Ohio court to revoke its decree allowing the injunction, if security has not been entered in due time. But while it is subsisting, the judgment is not *final*, and no action can be obtained on it as such. The second question is, whether the exemplification of the record of the proceedings in equity in Ohio should have been received in evidence, under the pleadings, on the trial of this cause. The pleas were *nul tiel record*, payment, and set-off. Under these, the record should have been excluded. The evidence of the record of the judgment declared on by plaintiff was perfect under the act of Congress. To meet this, the defendant should have pleaded the injunction, subsequent to the date of the judgment, in bar of the further maintenance of plaintiff's action, as the existence of the judgment was necessarily confessed, but its effect was attempted to be avoided by new matter. A new trial must therefore be granted.

Rule absolute.